IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00723-REB-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STANLEY MCDUFFIE, a/k/a Stanley Roberson, a/k/a Stanley Battle,
JOHN W. WILLIAMS, and
JILAPUHN, INC., d/b/a Her Majesty's Credit Union,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Security and Exchange Commission's *Ex Parte* Application for Order to Show Cause and for an Order Compelling Compliance with Administrative Subpoenas [filed March 22, 2012; docket #1]. The Court held a hearing on the Application on June 1, 2012, at 10:00 a.m., at which Respondent McDuffie appeared on behalf of himself and Jilapuhn, Inc. Respondent Williams did not appear.[1]  With the exception of a misunderstanding regarding the noticed deposition, Mr. McDuffie did not contest the validity of the subpoenas or the merits of the Commission's Application. However, Mr. McDuffie requested the hearing be moved to a later date when his attorney could attend in person. The Court denied his request.

---

[1] At the hearing, the Court inquired as to whether the Commission sought sanctions for Mr. Williams' non-appearance. Counsel for the Commission asked the Court to first issue an order compelling compliance with the subpoenas, and to reserve the possibility of sanctions for a later date. Importantly, the Commission noted that it had not been able to confirm Mr. Williams' receipt of the Court's May 9, 2012 Order to Show Cause [docket #12]. In consideration of this fact and in accordance with the Commission's request, the Court issues the present Order. However, the Court cautions Respondents that further disregard of Court orders may result in contempt proceedings pursuant to 28 U.S.C. § 636(e)(2).

Upon review of the Application and the Declaration of Danielle Voorhees [docket #4] submitted therewith, I find that judicial enforcement of the Commission's administrative subpoenas is warranted because (1) the inquiry is conducted pursuant to a lawfully authorized, legitimate purpose; (2) it is reasonably relevant to an investigation which the agency has authority to conduct; and (3) all administrative prerequisites have been met.  *See Application to Enforce Administrative Subpoenas Duces Tecum of SEC v. Knowles*, 87 F.3d 413, 415 (10th Cir. 1996) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).  Therefore, as discussed on the record, I hereby **ORDER** the following:

Respondents Williams, McDuffie, and Jilapuhn, Inc. shall produce all documents described in the administrative subpoenas issued by the Commission [dockets ##4-11, 4-12, 4-13, 4-15, 4-17] **on or before June 15, 2012**.

Additionally, Respondents Williams and McDuffie **shall appear** at the Securities and Exchange Commission's Denver Regional Office, 1801 California Street, Suite 1500, Denver, Colorado **on June 22, 2012**, at **8:30 a.m.**, to testify under oath regarding the matters identified in the January 26, 2012 subpoenas previously served on the Respondents.  (*See* dockets ##4-13, 4-15.)

Finally, the Securities and Exchange Commission shall use its best efforts to effect personal service of this Order on all Respondents named in this action, and shall file proof of service with the Court **on or before June 8, 2012**.

Dated at Denver, Colorado, this 4th day of June, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge